UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06579 JFW (RAO) | Date: | October 25, 2018 |
| Title: | Muzaffar Hussain v. Felicia Ponce, et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND [19]**

On July 31, 2018, Plaintiff Muzaffar Hussain ("Plaintiff"), a federal inmate proceeding *pro se*, filed a civil rights complaint. (Dkt. No. 1.) Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction, which was denied on August 2, 2018. (Dkt. Nos. 3, 6.) After screening, the Court determined that Plaintiff failed to state a claim, and it dismissed the complaint with leave to amend. (Dkt. No. 8.)

On September 13, 2018, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. No. 11.) Plaintiff again filed a Motion for Temporary Restraining Order and Preliminary Injunction, which was denied on September 18, 2018. (Dkt. Nos. 12, 16.) After screening, the Court again determined that Plaintiff failed to state a claim, and it dismissed the FAC with leave to amend. (Dkt. No. 14.)

On October 4, 2018, Plaintiff filed a Second Amended Complaint ("SAC") pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389, 91 S. Ct. 1999, 2001, 29 L. Ed. 2d 619 (1971). (SAC, Dkt. No. 19.) Plaintiff also filed a third Motion for Temporary Restraining Order and Preliminary Injunction, which was denied on October 11, 2018. (Dkt. Nos. 18, 21.) The SAC alleges that, while Plaintiff has been housed at FCI Terminal Island, he has been receiving inadequate medical care in violation of the Eighth Amendment. (*See id.* at 3.)[1] Plaintiff sues Felicia Ponce, Warden at FCI Terminal Island; Andrew Ackley, Health Services Administrator at FCI Terminal Island; Dr. Saroj Gulani, Plaintiff's primary physician at FCI Terminal Island; Marcos Aird, a mid-level physician at FCI

---

[1] The SAC and its separate attachments contain duplicate pages and exhibits. For ease of reference, the Court uses the page numbers automatically generated by the Court's electronic docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06579 JFW (RAO) | Date: | October 25, 2018 |
| Title: | Muzaffar Hussain v. Felicia Ponce, et al. | | |

Terminal Island; Jon Gustin, Administrator of the Federal Bureau of Prisons' Residential Reentry Branch; T. Shiu, Unit D Coordinator at FCI Terminal Island; and John Doe, Health Care Administrator at FCI Terminal Island. (*Id.* at 1-2.) Plaintiff does not indicate whether he sues Defendants in their individual or official capacities.

For the reasons set forth below, the Court **DISMISSES** Plaintiff's SAC with leave to amend.

## I. THE SCREENING REQUIREMENT

Congress mandates that district courts screen complaints in civil actions where a prisoner seeks redress from a government entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint or any portions thereof before service of process if it concludes that the complaint is (1) frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Federal Rules of Civil Procedure ("FRCP") Rule 8 as it would when evaluating a motion to dismiss under FRCP 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). That is, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. E. 2d 868 (2009) (quotations omitted). The task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

When the Court reviews a complaint for sufficiency, it considers whether the plaintiff has "plead[ed] factual matter that, if taken as true, states a claim the [defendants] deprived him of his clearly established constitutional rights." *See Iqbal*, 556 U.S. at 666. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Id.* at 678 (alterations in original) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06579 JFW (RAO) | Date: | October 25, 2018 |
| Title: | Muzaffar Hussain v. Felicia Ponce, et al. | | |

The Court may consider exhibits attached to the pleading and incorporated by reference, but is not required to blindly accept conclusory allegations, unwarranted factual deductions, or unreasonable inferences. *See Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also* Fed. R. Civ. P. 10(c). Nor is the Court required to accept as true allegations that are contradicted by the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

## II. DISCUSSION

Plaintiff asserts that before his incarceration, he had been receiving monthly eye injections to prevent him from going blind. (SAC at 11.) Plaintiff states that the timing between injections was "crucial" and, "[d]ue to the rigidly maintained interval between the eye injections," his eyes were healing rapidly. (*Id.*) Upon arriving at FCI Terminal Island, Plaintiff provided prison staff with information about his health issues, including his need for monthly eye injections. (*Id.*) Two weeks later, Plaintiff verbally informed the medical staff about his need for the monthly eye injections. (*Id.*) Plaintiff alleges that due to numerous delays, his vision has "deteriorated substantially," and he is "now on the verge of becoming permanently blind." (*Id.*) Plaintiff states that he should have received a total of nine injections, but he has received only four, three of which were delayed. (*Id.*)

Plaintiff "proceeds asking only EQUITABLE relief." (*Id.* at 1.) He requests that the BOP transfer him to statutory home detention, then to a halfway house. (*Id.* at 2.) Alternatively, he requests that he be transferred to a federal medical center or that he receive compassionate release. (*Id.*)

### A. Plaintiff Cannot Sue Defendants in Their Official Capacities

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S. Ct. 1501, 1503, 23 L. Ed. 2d 52 (1969) (citing *United States v. Sherwood*, 312 U.S. 584, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)). "[T]he bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688, 69 S. Ct. 1457, 93 L. Ed. 1628 (1949); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: CV 18-06579 JFW (RAO)　　　　　　　　　　Date:　October 25, 2018
Title:　　Muzaffar Hussain v. Felicia Ponce, et al.

All Defendants are employees of the BOP, and therefore a suit against them in their official capacities is a suit against the United States. Plaintiff fails to allege an express waiver of sovereign immunity. Accordingly, Plaintiff cannot bring an action against Defendants in their official capacities. *See Williams v. Sanders*, No. EDCV 13-00803-UA-OP, 2013 WL 1941859, at *2 (C.D. Cal. May 9, 2013) (dismissing a complaint brought against the BOP and FCI Terminal Island due to sovereign immunity).

### B. Denial of Medical Care Under the Eighth Amendment

The government must give medical care to incarcerated persons. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 103-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Failure to do so can constitute an Eighth Amendment violation. *Id.* In order to prevail on an inadequate medical care claim, a plaintiff must show "deliberate indifference to his serious medical needs." *Id.* (quotations omitted). In the Ninth Circuit, the test for deliberate indifference consists of two parts. *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* (citations and internal quotation marks omitted). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.*

To satisfy the first prong, a plaintiff must demonstrate the existence of a serious medical need, which exists when the failure to treat the condition may result in significant injury or cause the unnecessary and wanton infliction of pain. *Id.* Indications of a serious medical need include injuries a reasonable doctor or patient would find important and worthy of treatment, the presence of a medical condition which significantly affects a person's daily activities, or the existence of chronic and substantial pain. *See McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992).

"Th[e] second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096; *see Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a plaintiff must show an official knew of and disregarded a serious risk to his health). "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care,'" but "an 'inadvertent [or negligent] failure to provide adequate medical care' alone does not state a claim." *Jett*, 439 F.3d at 1096 (alteration in original) (citations omitted). "A difference of opinion does not amount to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-06579 JFW (RAO)                Date:   October 25, 2018
Title:   Muzaffar Hussain v. Felicia Ponce, et al.

deliberate indifference to [a prisoner's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

      1.     Defendant Ponce

Plaintiff asserts that Defendant Ponce and her staff have "wrongfully subjected [Plaintiff] to unnecessary risk of loss and subsequent bodily harm." (SAC at 8.) In a July 2018 email to a Congresswoman, Defendant Ponce ensured that the delay in Plaintiff's ophthalmology appointments would not continue. (*See id.*) Plaintiff states that further delays nevertheless followed. (*See id.*) He contends that "[t]he words of the Warden appear to be lip service to the Congresswoman, and they are wrought with fraudulent representations." (*Id.*) Plaintiff also contends that Defendant Ponce has clearly engaged in "an aggravated deliberate indifference to the serious medical needs" of Plaintiff. (*Id.*) He asserts that Defendant Ponce has misrepresented the facts of "the gross negligence, severe atrocities and the extreme depth of medical malpractice" to the Congresswoman. (*Id.*)

Plaintiff identifies no other conduct by Defendant Ponce other than her alleged misrepresentations to the Congresswoman in an email. Because Plaintiff fails to allege any personal involvement in a constitutional deprivation, Plaintiff fails to state a claim against Defendant Ponce.

      2.     Defendant Gulani

Plaintiff asserts that upon his incarceration, he documented his need for monthly eye injections. (SAC at 2.) Plaintiff alleges that Defendant Guilani was responsible for ordering these injections. (*Id.*) On December 19, 2017, Plaintiff informed Defendant Gulani of his macular degeneration and his monthly eye injections. (*Id.* at 3.) Plaintiff refers to a notation in his medical records by Defendant Gulani on the same date that documents an optometry consultation scheduled for January 9, 2018. (*Id.* at 4.) The note explains, "Inmate has Diabetes type two, VISUAL DISORDER, hypertension, NEED EYE EXAM. He has MACULAR DEGENERATION." (*Id.*) According to Plaintiff, in a medical record dated February 21, 2018, Defendant Gulani "conducted and performed a physician follow up encounter," and he noted, "70 yrs old has SEVERE VISION DISORDER, [Plaintiff] has Diabetic MACULAR DEGENERATION, [Plaintiff] was getting Inj in the eye ONE YEAR AGO, he require[s] further evaluation." (*Id.*) Defendant Gulani then scheduled Plaintiff for an optometry consultation on March 6, 2018. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06579 JFW (RAO) | Date: | October 25, 2018 |
| Title: | Muzaffar Hussain v. Felicia Ponce, et al. | | |

Plaintiff states that after a physician follow-up encounter on February 21, 2018, Defendant Gulani discontinued an optometry consultation request scheduled for March 29, 2018. (*Id.* at 5.) Subsequent medical notations were made by other providers. (*See id.* at 5-6)

According to Plaintiff, another notation by Defendant Gulani on March 15, 2018, indicates that Plaintiff was seen by another doctor the day before. (*Id.* at 6.) That doctor diagnosed Plaintiff with significant macular edema and recommended that Plaintiff be urgently seen by a retina specialist. (*See id.*) On March 16, 2018, Defendant Gulani noted: "inmate was sent out to visit retina specialist for macular edema, [the doctor] gave [Plaintiff] injection, the doctor] recommended 2nd injection after 5 weeks." (*Id.* at 7.) Another ophthalmology consultation was seemingly scheduled for April 16, 2018. (*Id.*)

Plaintiff fails to adequately plead that Defendant Gulani acted with deliberate indifference to Plaintiff's medical needs. To the contrary, it appears that Defendant Gulani indeed responded to Plaintiff's medical needs. Plaintiff alleges that Defendant Gulani knew of Plaintiff's condition and prior treatment, and Defendant Gulani recorded referrals to an optometrist. Plaintiff also refers to Defendant Gulani's documentation of Plaintiff's treatment by other medical professionals. Based on these allegations, Plaintiff fails to state a claim of deliberate indifference against Defendant Gulani. *See Toguchi v. Chung*, 391 F.3d 1051, 105760 (9th Cir. 2004) ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

### 3. Other Defendants

Plaintiff alleges only that "specific appointments [were] to be made by" Defendant Ackley. (SAC at 2.)

Plaintiff alleges that Defendant Aird was responsible for Plaintiff's "monitoring and physical therapy appointments." (SAC at 2.) Plaintiff also refers to a March 16, 2018 medical record seemingly entered by Defendant Aird that documents Plaintiff's diagnosis of macular degeneration. (*Id.* at 7.)

In the context of Plaintiff's explanation of administrative exhaustion, Plaintiff alleges that Defendant Gustin responded to Plaintiff's "informal request that would have been formalized by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06579 JFW (RAO) | Date: | October 25, 2018 |
| Title: | Muzaffar Hussain v. Felicia Ponce, et al. | | |

the BP-11 after the region would deny it." (SAC at 1.) Plaintiff alleges no other involvement by Defendant Gustin.

Plaintiff alleges no conduct by Defendant John Doe.

Because Plaintiff fails to identify specific conduct by these defendants that violated his rights, Plaintiff fails to state a claim against them.

To the extent that Plaintiff alleges a conspiracy by Defendant Ponce and her staff "to cover their acts of fraud and harm by fraudulently transmitting the deceitful dissemination of medical records in reply to the Congresswoman's and [Plaintiff's] legal counsel's inquiries" (SAC at 9), this is insufficient to establish Defendants' involvement in a conspiracy. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (a plaintiff must state specific facts, not mere conclusory statements, to support the existence of an alleged conspiracy); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990) ("A mere allegation of conspiracy without factual specificity is insufficient to support a claim.").

### C. Retaliation

Under the First Amendment, prisoners have the right to access the courts and the right to petition the government for redress. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). To demonstrate a violation of this right, a prisoner must show that he has suffered an actual injury as a result of a prison official's conduct. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). An "actual injury" occurs when a prisoner has been "hindered [in his] efforts to pursue a legal claim." *Id.* at 351.

A First Amendment claim based on retaliation has the following elements: (1) the plaintiff engaged in protected conduct; (2) a defendant state actor took adverse action against the plaintiff; (3) a causal connection exists between the protected conduct and the adverse action; (4) the adverse action is one that "would chill or silence a person of ordinary firmness from future First Amendment activities," whether or not the plaintiff was in fact "chilled"; and (5) the retaliatory action did not advance a legitimate penological goal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). A plaintiff successfully pleads the fifth element by alleging, "in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, or that they were unnecessary to the maintenance of order in the institution." *Id.* at 1114-15 (citation and internal quotation marks omitted). "The plaintiff bears the burden of pleading and proving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06579 JFW (RAO) | Date: | October 25, 2018 |
| Title: | Muzaffar Hussain v. Felicia Ponce, et al. | | |

the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff alleges that Defendant Shui and Defendant Ponce "have the authority to move [Plaintiff] to [a] halfway house where he could resume his care[,] but they have chosen to punitively withhold even half of his statutory home detention in retaliation for this litigation." (SAC at 2.) Plaintiff fails to make any allegations to satisfy the fifth element of a retaliation claim, and thus his allegations are insufficient to state a claim of retaliation.

**D.     Mandamus**

Plaintiff also cites 28 U.S.C. § 1651 and 28 U.S.C. § 1361 to assert that "the Court has the authority to order the BOP to provide medical treatment." (SAC at 1.) Construing Plaintiff's civil rights complaint as a petition for a writ of mandamus, the Court finds that Plaintiff has not adequately alleged the availability of mandamus.

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Section 1361 provides the district courts with original jurisdiction of "action[s] in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt[;] and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) (citing *Azurin v. Von Raab*, 803 F.2d 993, 995 (9th Cir. 1986)).

Although Plaintiff asserts that the Court can order the BOP to provide medical treatment, he requests only that he be transferred under 18 U.S.C. 3621(b), "at the discretion of the BOP," to statutory home detention for 54 days, then to a halfway house. (SAC at 2.) Alternatively, Plaintiff requests that he be transferred to a federal medical center. (*Id.*) As an additional alternative, Plaintiff suggests that the Director of the BOP can file a motion under 18 U.S.C. § 3582(c)(1)(A) in Plaintiff's sentencing court for compassionate release. (*Id.*)

The BOP has discretionary authority to designate the place of confinement for federal prisoners. *See Pinson v. Norwood*, No. CV 07-2519-PSG JTL, 2008 WL 2323895, at *3 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06579 JFW (RAO) | Date: | October 25, 2018 |
| Title: | Muzaffar Hussain v. Felicia Ponce, et al. | | |

Cal. June 4, 2008) (citing 18 U.S.C. § 3621(b); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)); *see also Glowka v. Zeigler*, No. 5:13-CV-15324, 2014 WL 37087, at *3 (S.D. W. Va. Jan. 6, 2014) ("[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence, and prisoner transfers are functions within the discretion of the BOP." (citations and internal quotation marks omitted)).

Without reaching the issues of the clarity and certainty of Plaintiff's claim or the adequacy of his other remedies, the Court finds that Plaintiff cannot plead all of the requirements for mandamus relief. *See Reed v. U.S. Bureau of Prisons*, No. CV 11-4405 GAF JC, 2011 WL 5834745, at *4 (C.D. Cal. Oct. 21, 2011), *report and recommendation adopted*, 2011 WL 5834737 (C.D. Cal. Nov. 17, 2011) ("Petitioner simply disagrees with the exercise of the BOP's discretion in this regard as is apparent from the relief sought—a transfer to a Requested Facility. As the legal authority discussed above indicates, such a discretionary determination by the BOP is not an appropriate basis upon which to afford mandamus relief."); *Richmond v. Ebbert*, No. 3:CV-13-3095, 2014 WL 279741, at *2 (M.D. Pa. Jan. 23, 2014) ("[S]ince the granting of compassionate release is discretionary, Richmond has not established a clear and indisputable right to relief.").

### E. Leave to Amend

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has further stated that a district court should grant leave to amend "if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 709 (9th Cir. 1988)); *see Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (*pro se* litigants must be granted leave to amend unless it is clear that the deficiencies could not be cured by amendment). If, after careful consideration, it is clear that a complaint's deficiencies cannot be cured, dismissal without leave is appropriate. *See Cato*, 70 F.3d at 1105-06; *see also Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong litigation by permitting amendment if the pleading's "basic flaw" cannot be cured); *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) ("[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied . . . if amendment of the complaint would be futile.").

Because it is possible for Plaintiff to correct some of the deficiencies described above, Plaintiff is again granted leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06579 JFW (RAO) | Date: | October 25, 2018 |
| Title: | Muzaffar Hussain v. Felicia Ponce, et al. | | |

### III. CONCLUSION

In light of the foregoing, the SAC is hereby **DISMISSED** with leave to amend.

If Plaintiff intends to pursue this matter, he shall file a "Third Amended Complaint" by **November 25, 2018**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice. Any amended complaint must: (a) be labeled "Third Amended Complaint"; (b) be complete in and of itself and not refer in any manner to prior complaints, *i.e.*, it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2; (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a); (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); (f) set forth clearly the sequence of events giving rise to the claims for relief; and (g) allege with sufficient specificity what each defendant did and how that individual's conduct violated Plaintiff's civil rights.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a Third Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**The Clerk is directed to provide a Central District of California Form CV-66, Civil Rights Complaint, to Plaintiff to facilitate his filing of a Third Amended Complaint if he elects to proceed in that fashion.**

**IT IS SO ORDERED.**

Attachments:
Notice of Dismissal
Form CV-66

| | : | |
|---|---|---|
| | Initials of Preparer | dl |